IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-HC-2179-FL

| | | |
|---|---|---|
| AUDWIN PIERRE LINDSAY, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ERIK A. HOOKS, Secretary, N.C. Dep't | ) | |
| of Public Safety, and BRAD PERRITT, | ) | |
| Administrator, Tabor Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondents.[1] | ) | |

Petitioner, a state inmate proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on respondents' motion to dismiss, (DE 8). Petitioner timely responded to the motion. For the reasons stated below, the court grants respondents' motion.

## BACKGROUND

On March 21, 2014, a North Carolina jury convicted petitioner of attempted first-degree murder and assault with a deadly weapon with intent to kill inflicting serious injury in the Superior Court of Cumberland County, North Carolina. State v. Lindsay, No. COA15-618, 2015 WL 7729717, at *1 (N.C. Ct. App. Dec. 1, 2015). The trial court sentenced petitioner to consecutive

---

[1] Petitioner named "Brad Perritt" as the respondent in this action. (See Pet. (DE 1) at 1). The custodian of the correctional facility in which petitioner is incarcerated is the proper respondent in an action filed pursuant to 28 U.S.C. § 2254. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Counsel for respondents represents that Erik A. Hooks, the Secretary of the North Carolina Department of Public Safety, and Brad Perritt, Administrator at Tabor Correctional Institution are the proper respondents in this action. (See DE 9 at 1). The court has constructively amended the case caption to reflect the correct respondents in this action and will direct the clerk to so amend the caption on the docket.

terms of 157-198 and 73-98 months' imprisonment. Id. at *4. Petitioner appealed his conviction and sentence, but the North Carolina Court of Appeals affirmed on December 1, 2015. Id. at *12. Petitioner did not seek any further review in the Supreme Court of North Carolina. See Pet. (DE 1) at 2.[2]

On January 9, 2017, petitioner, proceeding pro se, signed a motion for appropriate relief ("MAR") in the Superior Court of Cumberland County, which received the MAR as filed on January 19, 2017. See Resp't's Ex. 5 (DE 9-7). Petitioner's certificate of service for the MAR was signed on January 11, 2017. See id. at 15. On February 8, 2017, the trial court denied the motion. See Resp't's Ex. 6 (DE 9-8). On April 3, 2017, petitioner filed a certiorari petition in the North Carolina Court of Appeals. See Resp't's Ex. 7 (DE 9-9). On April 21, 2017, the North Carolina Court of Appeals denied certiorari. See Resp't's Ex. 8 (DE 9-10).

On February 15, 2018, petitioner, proceeding pro se, signed a second MAR in the Superior Court of Cumberland County, which received the MAR as filed on February 23, 2018. See Resp't's Ex. 9 (DE 9-11). On February 28, 2018, the trial court denied the motion. See Resp't's Ex. 10 (DE 9-12). On November 26, 2018, petitioner filed a certiorari petition in the North Carolina Court of Appeals. See Resp't's Ex. 11 (DE 9-13). On November 30, 2018, the North Carolina Court of Appeals denied certiorari. See Resp't's Ex. 12 (DE 9-14).

On June 13, 2019, petitioner signed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was filed in this court on June 18, 2019, and alleged the following: (1) ineffective assistance of counsel by failing to object to petitioner's phone records being introduced

---

[2]  Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

into evidence because they were obtained in violation of his Fourth Amendment right against unreasonable search and seizure; (2) ineffective assistance of counsel by failing to object to petitioner's statement being introduced into evidence without a Miranda Test, when counsel knew that the statement was obtained in violation of his Fifth Amendment right against self-incrimination; (3) ineffective assistance of counsel by failing to impeach witness testimony that did not match statements made in police investigation; (4) ineffective assistance of counsel by failing to investigate and properly prepare a defensive strategy, opting instead to try and coerce petitioner into taking a plea, being unprepared for trial, and failing to present any evidence for petitioner; (5) ineffective assistance of counsel by failing to file any pre-trial motions to dismiss the indictment and suppress unconstitutional evidence; (6) ineffective assistance of counsel by failing to raise all mitigating evidence during sentencing; (7) violation of the Fifth, Sixth, and Fourteenth Amendments because petitioner was tried, convicted, and sentenced under a different theory of guilt than what was charged in the indictment; and (8) ineffective assistance of counsel by failing to investigate and raise viable issues on direct appeal. On November 14, 2019, the court conducted its initial review of the petition and directed respondents to the respond to the petition. On December 11, 2019, respondents filed the instant motion to dismiss, supported by a memorandum of law and exhibits. On February 20, 2020, petitioner filed a response in opposition.

## DISCUSSION

A.     Standard of Review

A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of the complaint. See Fed. R. Civ. P. 12(b)(6);

3

Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. A court also "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Moreover, a court may take judicial notice of public records, such as court records, without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

A motion to dismiss a section 2254 petition "tests the legal sufficiency of the petition, requiring the federal habeas court to assume all facts pleaded by the [section] 2254 petitioner to be true." Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009) (quotation omitted); see Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009). As part of a Rule 12(b)(6) motion, a court may consider a challenge based on the statute of limitations. See Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc). In ruling on a motion to dismiss, the court looks to the record of the state habeas proceeding, including affidavits and evidence presented in such proceedings, as well as other matters of public record. See, e.g., Cullen v. Pinholster, 563 U.S. 170, 180–81 (2011); Walker, 589 F.3d at 139.

B.   Analysis

Respondents argue that petitioner's petition is untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to a

4

petition for writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The one-year statute of limitations is tolled, however, during the time "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). An application for postconviction or other collateral review is pending from initial filing until final disposition by the state court. See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, the time between when a petitioner's conviction becomes final and when a petitioner files a state application for post-conviction relief counts against the one-year limitation period. See, e.g., Holland v. Florida, 560 U.S. 631, 638 (2010); Hernandez v. Caldwell, 225 F.3d 435, 438–39 (4th Cir. 2000); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). Once the state's highest court resolves the state post-conviction proceedings, the limitation period resumes. See, e.g., Holland, 560 U.S. at 635–36, 638; Hernandez, 225 F.3d at 438–39; Harris, 209 F.3d at 327–28.

AEDPA requires the court to determine when petitioner's judgment became final. See 28 U.S.C. § 2244(d)(1)(A). Because petitioner did not seek review in the Supreme Court of North

5

Carolina on direct appeal, his conviction became final not later than January 5, 2016, thirty-five days after the North Carolina Court of Appeals affirmed his conviction on December 1, 2015.  See N.C. R. App. P. 14(a) (notice of appeal as of right must be filed within fifteen days after Court of Appeals mandate); N.C. R. App. P. 15(b) (same for petition for discretionary review); N.C. R. App. P. 32(b) (providing that, unless a court orders otherwise, a North Carolina Court of Appeals mandate issues twenty days after a written opinion is filed); see also Gonzalez v. Thaler, 565 U.S. 134, 150 (2012); Saguilar v. Harkleroad, 348 F. Supp. 2d 595, 598-99 (M.D.N.C. 2004), appeal dismissed, 145 F. App'x 444 (4th Cir. 2005).  Thus, the statute of limitations ran from January 5, 2016, until it fully expired on January 4, 2017.  Petitioner filed the instant habeas petition on June 18, 2019, over two years after the statute of limitations expired.  Additionally, petitioner's state post-conviction motions cannot toll the limitations period because petitioner signed his first motion for appropriate relief on January 9, 2017, after the AEDPA statute of limitations expired.  See 28 U.S.C. § 2244(d)(2); Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000).  Accordingly, petitioner's petition is untimely.

      Petitioner does not qualify for any of the alternative limitations periods set forth in § 2244(d)(1)(A).  Petitioner does not allege that his claims are based on a new rule of constitutional law made retroactive to cases on collateral review, or that the factual predicate of the claims could not have been discovered through the exercise of ordinary diligence until after his conviction became final.[3]  See 28 U.S.C. § 2244(d)(1)(C)-(D).  Additionally, petitioner has presented no evidence suggesting a state impediment prevented him from filing earlier.  Id. § 2244(d)(1)(B).

---

[3]     To the extent that petitioner argues he qualifies under § 2244(d)(1)(C) based on the new rule in Carpenter v. United States, 138 S. Ct. 2206 (2018), see Pet. Resp. Opp'n Mot. Dismiss (DE 12) 7-9, Carpenter is not retroactive on collateral review.  See In re Baker, No. 18-15095-C, 2019 WL 3822305, at *1 (11th Cir. 2019); Austin v. United States, No. 4:15-CR-77-D, 2020 WL 4717403, at *2 (E.D.N.C. Aug. 13, 2020) (unpublished); Walton-Bey v. Skipper,

Petitioner also is not entitled to equitable tolling of the statute of limitations. Equitable tolling applies to the AEDPA's one-year statute of limitations only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (quotation omitted); see Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2012). Equitable tolling under section 2244 is limited to "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green, 515 F.3d at 304 (quotations omitted); see Jackson v. Kelly, 650 F.3d 477, 491–92 (4th Cir. 2011). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330.

Petitioner claims he is entitled to equitable tolling because he has "no access to a law library nor the assistance of persons trained in law." Pet. Resp. Opp'n Mot. Dismiss (DE 12) 4. Petitioner further claims that he was denied assistance from North Carolina Prisoner Legal Services ("NCPLS"). Pet. Resp. Opp'n Mot. Dismiss at 6-7. However, unfamiliarity with the legal process, lack of representation, or illiteracy do not constitute grounds for equitable tolling. See, e.g., United States v. Sosa, 364 F.3d 507, 512–13 (4th Cir. 2004); Harris, 209 F.3d at 330–31 (collecting cases); Rhew v. Beck, 349 F. Supp. 2d 975, 978 (M.D.N.C. Dec. 21, 2004), appeal dismissed, 158 F. App'x 410 (4th Cir. 2005) (per curiam) (unpublished). Thus, petitioner has not established that extraordinary circumstances prevented him from complying with the one-year state of limitations.

---

No. 18-cv-13722, 2020 WL 1274995, at *2 (E.D. Mich. Mar. 17, 2020) (unpublished); United States v. Sandoval, 435 F.Supp.3d 393, 398 (D. RI. Jan. 23, 2020) (unpublished).

In sum, the petition is untimely under AEDPA's one-year statute of limitations, and petitioner has not established the limitations period should be tolled. Accordingly, the court will dismiss the petition as untimely.

C.  Certificate of Appealability

Having determined the instant petition must be dismissed, the court next considers whether petitioner is entitled to a certificate of appealability. A certificate of appealability may only issue upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. See Buck v. Davis, 137 S. Ct. 759, 777 (2017); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). After reviewing the claims presented in light of the applicable standard, the court determines a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court GRANTS respondents' motion to dismiss, (DE 8), and DISMISSES the petition. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case, and to amend the caption as set forth in footnote one.

SO ORDERED, this the 25th day of September, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge

8

Case 5:19-hc-02179-FL   Document 14   Filed 09/25/20   Page 8 of 8